## Melone *against* Gaines.

*December, 1824.*

THIS was an action of assumpsit in *Washington* Circuit Court, by *Young Gaines* against *Thomas Melone*, executor of *Lemuel Henry*, deceased. General issue—A case was agreed between the parties to the following effect: On the —— day of —— the testator died seized and possessed of a considerable personal and real estate. By his last will he appointed *Sarah Henry* his executrix, and *Edmund P. Gaines*, *Thomas Melone*, and *Benjamin S. Smoot*, executors. The two last proved the will, and qualified, and some time afterwards made the necessary shewing to the Court, and the estate was declared insolvent. The property was sold by

A creditor cannot sustain an action against an executor after the estate has been reported insolvent, until the County Court, on the final report of the Commissioners, shall have declared the proportion according to which the claim is to be paid.

318    *Reports of Cases argued and determined*

Melone
v.
Gaines.

(a) *Laws Ala.*
336, c. 7.

order of the Court, and Commissioners appointed to receive and examine claims against the estate ; they proceeded to receive claims, and prepared a report of such as they had allowed, but owing to the absence of one of them when the report should have been made, none was ever made. A second Board was then appointed, and a further time of eighteen months allowed the creditors for bringing in their claims. The second Board never made a report. After the expiration of this time, the Legislature of the *Mississippi* Territory passed an Act whereby it was provided, that if the Commissioners appointed to receive and examine claims against insolvent estates shall fail to make their final report within the time limited by law, it shall be the duty of the Court to make new appointments, or to extend the time for the Commissioners to receive claims against such estate, and report thereon to such time as to such Court shall seem reasonable and just. (a) After the passage of this Act, the County Court of *Washington* appointed another Board of Commissioners, who reported the claim upon which the plaintiff's action was founded, together with other claims. Whereupon the Court ordered that the estate should be distributed among the creditors, who should make out their claims with the Commissioners in proportion to the sums to them respectively due. Owing to the delays met with in collecting the debts due to the estate for sales of the property and otherwise, the accounts of the administration have never been finally settled, and it has not been ascertained what proportion of the debts the estate will be sufficient to pay ; but it is believed that it will not pay the full amount. It is not certainly known whether the plaintiff's claim was presented to, or allowed by, either the first or second Board of Commissioners. The estate came into the hands of the executors ; the County Court have not for two or three years taken any order concerning it, nor is it understood that any application has been made to the Court by the parties concerned. The executors have paid to the Government about thirteen thousand dollars, and the residue of the property, excepting debts outstanding, is in their hands.

On the agreed case, the Circuit Court rendered judgment against *Malone* for $225 70 with interest, &c. and he appealed to this Court and assigned as Errors—That the judgment was rendered against him upon the certificate of the Commissioners, who do not appear to have been legally authorized to decide on the claim—And although the estate has been declared insolvent, it has not been ascertained what dividend the estate will be able to pay.

*Crawford* and *Hitchcock* for plaintiff; *Salle* for defendant in Error.

Judge *Saffold* delivered the opinion of the Court.

From the case agreed, it appears that the time allowed by law for creditors to present their claims had expired before the third Board of Commissioners was appointed ; and it does not appear that this claim had been presented to the first or second board. It seems material to ascertain when the estate was declared insolvent, and when the two first Boards of Commissioners were appointed ; neither of which matters is shewn in the case agreed. If the claim was not presented until after the appointment of the third board under the authority of the Act of 1815, the application of this law to proceedings which in legal contemplation had been finally adjusted before its passage would revive claims already barred by Statute, and might well be questioned. But by law it was the duty of the Commissioners merely to determine and report what claims against the estate were just with the sum allowed on each. Then if the report made by the third Board of Commissioners could be received as evidence of the sum due to the plaintiff in the action, it yet appeared that the accounts of the estate had not been finally settled. It had not been ascertained what proportion of the debts the estate would be sufficient to pay, but it was not believed that it would be sufficient to pay the full amount. The Statute directs, that after a final report of the Commissioners, the County Court shall order the residue of the estate (after paying debts for the last sickness, &c.), to be paid and distributed by the executor among the creditors, (who shall have made out their claims with the Commissioners,) in proportion to the sums respectively due to them. By the aid of the Commissioners' Report, the County Court should have ascertained the proportion of each debt which the executor was to pay, and made their order pursuant to the Statute accordingly. Such order does not appear to have been made. When the plaintiff instituted this suit, it was uncertain what sum he had a right to demand of the executor. The suit therefore was prematurely brought. The judgment must be reversed.

The Chief Justice being a relation of one of the parties, did not sit.